UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANESHA TASHAE TOBIAS,

                Plaintiff,        Civil Action No. 17-13759
                                        Honorable David M. Lawson
v.                                    Magistrate Judge David R. Grand

STATE OF MICHIGAN, WESTLAND
POLICE DEPARTMENT, ASSISTANT
WAYNE COUNTY PROSECUTOR
AMANDA LEIGH CLOONAN, JUDGE
SANDRA A. CIRCIRELLI,[1] and JUDGE
DANA M. HATHAWAY,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS TO DISMISS [15, 17], TO DENY PLAINTIFF'S MOTION FOR A
DECLARATORY JUDGMENT [23], AND TO DISMISS PLAINTIFF'S
COMPLAINT *SUA SPONTE* UNDER 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Kanesha Tashae Tobias ("Tobias") brings this civil rights action under 42 U.S.C. § 1983 against the State of Michigan, Westland Police Department ("Westland P.D."), Assistant Wayne County Prosecutor Amanda Leigh Cloonan ("Cloonan"), Judge Sandra A. Cicirelli, and Judge Dana M. Hathaway. Tobias filed her complaint on November 17, 2017, and this case was referred to the undersigned for management, hearing, and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #16). The order of referral also instructed the undersigned to screen Tobias' complaint to determine if it should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B). (*Id.*).

Presently before the Court are two motions to dismiss; one filed by Cloonan (Doc. #15),

---

[1] This defendant's actual last name is "Cicirelli." (Doc. #12).

and the other filed by the State of Michigan (Doc. #17), as well as Tobias' motion for a declaratory judgment (Doc. #23). These motions are fully briefed, and the Court finds that it may properly resolve them without a hearing. The Westland P.D. and Judge Sandra A. Cicirelli filed an answer to Tobias' complaint in which they assert that Judge Cicirelli is "absolutely immune from liability pursuant to judicial immunity," and that Westland P.D. is "immune from liability pursuant to governmental immunity . . ." (Doc. #13). For the reasons discussed below, **IT IS RECOMMENDED** that the two motions to dismiss **(Docs. #15, #17)** be **GRANTED**, that Tobias' motion for declaratory judgment **(Doc. #23)** be **DENIED**, and that Tobias' complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.     Background

Tobias' complaint stems from criminal charges currently pending against her in the Wayne County Third Circuit Court for carrying a concealed weapon in violation of MCL 750.227. (Docs. #15-3, #15-4). According to a police report, on October 10, 2017, Tobias was approached by paramedics while she was sitting on a chair in front of a Lowe's store in Westland, Michigan. (Doc. #15-3). Tobias was reportedly "visibly upset and crying," and when one of the paramedics began to escort Tobias into their vehicle, he observed a handgun in her purse. *Id.* This prompted the paramedic to contact the Westland Police Department for assistance. *Id.* Upon arrival, police officers found the handgun and apparently discovered that it was unregistered. *Id.* Tobias was placed under arrest for carrying a concealed weapon in violation of MCL 750.227, and the aforementioned criminal charges followed. (Doc. #15-4).

On October 26, 2017, Tobias' preliminary examination was held before the Honorable Sandra A. Cicirelli ("Judge Cicirelli") sitting on Michigan's 18th Judicial District Court. (Doc. #15-4). At the conclusion of that hearing, Judge Cicirelli bound the matter over to the Wayne

County Third Circuit Court. *Id.* On November 9, 2017, Tobias was arraigned by the Honorable Dana M. Hathaway ("Judge Hathaway"). *Id.* Judge Hathaway appointed Tobias counsel and set a competency hearing for February 15, 2018. *Id*. As of today's date, it appears that the underlying criminal charges against Tobias are still pending in the Wayne County Circuit Court.

Despite the fact that the criminal charges against Tobias are still pending, on November 17, 2017, she filed her instant complaint asserting that MCL 750.227 is an unconstitutional statute "that was used by the defendants to increase harm and violate [her] rights." (Doc. #1 at 1, 5). While Tobias lists several constitutional amendments and statutes that she claims were violated, the crux of her complaint appears to be that because the Second Amendment protects her right to bear arms, her arrest for carrying a concealed weapon violated her rights. The allegations against each of the Defendants stem from their roles in the judicial process as it pertains to Tobias' arrest and ensuing criminal proceedings. Tobias argues that she is entitled to relief in this Court because the Defendants "can hardly claim that they acted in good faith for willful deformation of a law and, they certainly can not pled ignorance of the law for that would make the law look tyrannical, for the knowledgeable Judges, Court Officers, and Police of Wayne County to claim ignorance of the law for their misconduct, when the average citizens on the street such as myself, can not claim ignorance of the law." *Id.*

Tobias brings this suit against the State of Michigan, Cloonan (who was the prosecutor assigned to Tobias' case), the Westland P.D., and the two judges who presided over her case, Judge Cicirelli and Judge Hathaway. Tobias does not enumerate in her complaint which Defendants violated specific rights or statutes. Tobias seeks compensatory and punitive damages in the amount of $780,000 plus costs, a declaratory judgment deeming MCL 750.227 "wholly unconstitutional as an infringement on 2nd amendment rights," as well as the dismissal of "all

3

pending actions in any courts concerning this matter." (Doc. #1 at 6).

The State of Michigan filed a motion to dismiss based on Eleventh Amendment Immunity (Doc. #17), and Cloonan filed a motion to dismiss based on absolute immunity, *Heck v. Humphrey*, 512 U.S. 477 (1984), and the *Younger* abstention doctrine (Doc. #15). The Westland P.D. and Judge Cicirelli filed an answer in which they asserted the affirmative defenses of governmental immunity and judicial immunity, respectively. (Doc. # 24). While Judge Hathaway has yet to file an appearance in this action, the Court finds that its analysis of Tobias' claims against Judge Cicirelli equally apply to Judge Hathaway. Tobias filed a separate motion for declaratory judgment, in which she asks the Court "to declare the constitutionality of MCL 750.227 as it pertains to the 2nd Amendment." (Doc. #23). For the reasons discussed below, the pending motions to dismiss are meritorious and should be granted. Tobias' complaint should also be dismissed because, even construed liberally, it purports to assert claims against defendants who are immune from suit, and otherwise fail to state claims for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**II.    Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

Moreover, 28 U.S.C. § 1915(e)(2)(B) provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a

5

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Applying all of the foregoing standards, it is clear that the two pending motions to dismiss should be granted and that Tobias' complaint should be dismissed in its entirety.

### III. Analysis

#### a. Claims for damages against Judge Cicirelli

The doctrine of judicial immunity protects judges from suits seeking monetary damages based on judicial acts performed under proper jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *Christmas v. Macomb Cnty. Circuit Court*, No. 07-10840, 2008 WL 251995, at *6 (E.D. Mich. Jan. 30, 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judicial immunity attaches so long as the act complained of was a judicial act (*i.e.*, a function normally performed by a judge while dealing with the parties in his judicial capacity) and was not taken in the absence of all jurisdiction. *See Pierson*, 386 U.S. at 553-55; *Stump*, 435 U.S. at 356-62.

The Supreme Court has articulated a two-prong test to determine whether an act is "judicial" in nature. *Stump*, 435 U.S. at 362. The Court must first consider whether the act is one that is "normally performed by a judge," and second, whether the parties dealt with the judge in his or her judicial capacity. *Id.*; *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The Sixth Circuit has explained that acts involving resolution of disputes among parties who have invoked the court's jurisdiction are the touchstone application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

6

Here, Tobias asserts claims for damages against Judge Cicirelli. In her complaint, Tobias alleges the following: "(1) Defendant Sandra A. Cicirelli denied my right to a fair hearing. (2) She proceeded against the State of Michigans [sic] case against me, while she sat on the bench for the State of Michigan Judging its own action. (3) 11/1/17 She refused to hear my motion to dismiss for subject matter jurisdiction. (4) 11/2/17 She refused to hear my motion to dismiss for subject matter jurisdiction. (5) 11/8/17 She refused to hear my motion to dismiss for subject matter jurisdiction." (Doc. #1 at 5).

The two-prong test outlined in *Stump* is clearly satisfied here, meaning the judicial acts in question are protected by judicial immunity. First, the acts complained of are judicial rulings "normally performed by a judge." *Stump*, 435 U.S. at 362. Second, alleged wrongful acts all occurred during a legal proceeding in which the judge was clearly acting in her judicial capacity. *Id.* Accordingly, Judge Cicirelli is entitled to absolute immunity from suit with respect to Tobias' claims for damages, and those claims should therefore be dismissed with prejudice. 28 U.S.C. §1915(e)(2)(B).

### b. Claims for damages against Judge Hathaway

Tobias asserts multiple allegations against Judge Hathaway. Specifically, she alleges "(1) Defendant Margaret Hathaway, denied my right to a fair hearing. (2) She conspired to have an unlicensed attorney represent me. (3) She ordered a psychiatric examination against me, in an effort to discredit my defense. (4) She denied my right to equal protection of law. (5) She denied me due process of Law. (6) She stole my property."

For the same reasons outlined in the preceding section, Tobias' allegations against Judge Hathaway are protected by absolute immunity from suit. At least the first five allegations Tobias makes against Judge Hathaway clearly relate to judicial decisions made during a legal

7

proceeding. As to Tobias' allegation that Judge Hathaway "stole [her] property," this, too, appears to relate to a judicial decision Judge Hathaway made during the criminal case proceedings against Tobias. However, even if the allegation is so vague as to not permit that assumption, it clearly fails to satisfy the pleading requirements set forth above to state a claim for relief; Tobias neither identifies the "property" in question, nor states how or when Judge Hathaway allegedly "stole" it. *Iqbal*, 556 U.S. at 678. Accordingly, dismissal of Tobias' damages claims against Judge Hathaway is appropriate. 28 U.S.C. § 1915(e)(2)(B).

### c. Claims against Westland P.D.

Tobias alleges in her complaint that "(1) Defendant Westland Police Department treated [Tobias] like a criminal. (2) They arrested me. (3) They put me in jail for exercising my 2nd amendment rights. (4) They coerced me into getting legal representation." Tobias' claims fail as a matter of law.

The Westland P.D. is part of the City of Westland, which is a Michigan municipal corporation. *Brown v. Romulus Police Dep't*, 2009 WL 22881, at *2 (E.D. Mich. Jan. 5, 2009) (citing *McPherson v. Fitzpatrick*, 63 Mich. App. 461 (1975). Such municipal entities cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Rather, liability under § 1983 may only be found if a municipality has a policy, practice, or custom that directly resulted in the violation of constitutional rights. *Id.* at 692. The Supreme Court has stated:

> Proof of a single incident of an unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Thus, "a plaintiff who sues a city and its police department for constitutional violations

under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury." *Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). Here, Tobias alleges, in conclusory fashion, that certain officers employed by the City of Westland denied her constitutional rights by arresting her. However, Tobias fails to allege the existence of an underlying governmental policy that caused her alleged loss of constitutional rights. The conclusory allegations in Tobias' complaint are plainly insufficient to state a viable claim that an unconstitutional governmental policy caused her allegedly improper arrest and treatment. *Twombly*, 550 U.S. at 556. Accordingly, Tobias' claims against the Westland P.D. fail as a matter of law and should be dismissed. 28 U.S.C. § 1915(e)(2)(B).

### d. Claims for Damages against Prosecutor Cloonan and the State of Michigan

The claims against Cloonan and the State of Michigan are addressed together because the only mention in Tobias' complaint of these defendants' alleged wrongdoing is merged into a single sentence. (Doc. #1 at 5). Tobias alleges that Cloonan "on behalf of the state of Michigan, authorized the action against [Tobias] in state court." *Id.* First, it must be noted that prosecutors enjoy absolute immunity from a civil suit for damages under § 1983 for actions performed within the scope of their prosecutorial duties. *See Johnson*, 2006 WL 3086938, at *3. Prosecutorial conduct which is "intimately associated with the judicial phase of the criminal process" thus precludes such § 1983 claims. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

In this case, where Cloonan was the prosecuting attorney in Tobias' criminal case in state court, she was acting as a representative of the State as it pertained to the judicial phase of the legal proceedings that followed Tobias' arrest. Accordingly, the doctrine of absolute immunity applies to Cloonan's conduct, and Tobias' claims for damages against her should be dismissed. *Id.*

To the extent Tobias' complaint sets out a claim for damages against the State of Michigan, those claims must be dismissed under the doctrine of Eleventh Amendment immunity. Under the Eleventh Amendment, a state can only be held liable in federal court suits if the state waives immunity or if Congress has expressly abrogated immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Neither is the case here. The State of Michigan has not waived its right to immunity from civil suit in federal court, nor has Congress abrogated Eleventh Amendment protection by statute or under § 1983. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Bailey v. Bureau of Health Care Servs.*, No. 1:17-CV-850, 2017 WL 5150786, at *2 (W.D. Mich. Nov. 7, 2017) ("Congress has not expressly abrogated Eleventh Amendment immunity by statute [], and the State of Michigan has not consented to civil rights suits in federal court.") (internal citations omitted). Tobias is thus incorrect when she states that the State of Michigan waived its Eleventh Amendment immunity when it "disregarded [her] 2nd amendment immunities" because "the federal constitution is an iron clad contract pursuant to the statute of frauds." (Doc. #32-2). Accordingly, Cloonan's and the State of Michigan's motions to dismiss (Docs. #15, #17) should be granted, and any claims for damages brought against the State of Michigan should be dismissed with prejudice.[2]

---

[2] Tobias lists a number of other constitutional amendments and statutes in her complaint as being at issue in her case. (Doc. #1 at 4). However, her complaint contains no allegations whatsoever as to how any conduct of the Defendants violated her rights with respect to these laws. Clearly, Tobias' mere listing of various statutes and constitutional provisions does not give rise to a claim for which relief can be granted. Given that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss, there is no reason that the mere listing of the laws themselves, with nothing more, would lead to a different conclusion. *Iqbal*, 556 U.S. at 678. "It is the conclusory nature…that disentitles them to the presumption of truth." *Id.* at 681. Accordingly, to the extent Tobias intended to assert claims for relief based on a violation of any of these laws, those claims are subject to dismissal. *Id.*; 28 U.S.C. § 1915(e)(2)(B).

**e. Remaining Claims for a Declaratory Judgment and Dismissal of Tobias' Pending Criminal Case in State Court**

Having addressed Tobias' claims for damages against the Defendants, the Court turns to her motion for a declaratory judgment that MCL 750.227 be deemed "wholly unconstitutional as an infringement on 2nd amendment rights," as well as a request that she "be relieved from all pending actions in any courts concerning this matter." (Doc. #1 at 6; Doc. #23). Both of these claims should be dismissed, and Tobias' motion for declaratory judgment (Doc. #23) should be denied.

An analysis of Tobias' claims must begin with the fact that in the instant federal court action she complains of facts which would unavoidably raise questions regarding the validity of the current criminal charges pending against her in Wayne County Third Circuit Court. Accordingly, Tobias' current civil action is—at least for the time being—precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984).

Under the *Heck* doctrine, a plaintiff's claim is generally not cognizable under 42 U.S.C. § 1983 if a ruling on that claim would necessarily imply the invalidity of a criminal conviction. *Id.* Indeed, such a claim would only be appropriate if the plaintiff could show that the underlying criminal charges about which she complains were resolved in her favor, such as if the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or was been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Importantly, the Sixth Circuit has expressly extended this rule to § 1983 claims relating to *pending* pre-trial charges when a judgment in favor of the civil plaintiff would necessarily call into question any future criminal conviction or sentence that might result from prosecution of the pending charges. *Shamaeizdeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir.), cert. denied 528 U.S. 1021 (1999).

Thus, in order for a criminal defendant such as Tobias to establish a § 1983 claim while the criminal matter remains unresolved, she must show that the civil ruling she is seeking would not "imply the invalidity of a future conviction." *Id.* at 398. Without such a showing, federal courts should avoid interfering with pending state actions by permitting a parallel federal action involving claims that could be (or could have been) raised in the state case. *See Heck*, 512 U.S. 587 n.8 ("…if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial…abstention may be an appropriate response to the parallel state-court proceedings"). On these facts, at least at this point, Tobias is not able to sustain a § 1983 claim. While Tobias suggests that the ruling in *Heck* is "completely irrelevant" to her case because she is 1) innocent until proven guilty, and 2) "not convicted, in prison, nor sentenced", case law readily supports the conclusion that her averments are immaterial to the analysis at hand. Again, the law is clear that a federal civil rights claim is not permitted under these circumstances, because such a claim would not be viable unless and until the state trial and appeal processes have concluded and been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 486-87; *Shamaeizdeh*, 182 F.3d at 397. Accordingly, Tobias' federal civil suit should be dismissed.

It is also appropriate to deny Tobias' motion for a declaratory judgment and dismiss her claims under the *Younger* abstention doctrine because in circumstances such as these, federal courts must abstain from interfering with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or interfere with a criminal prosecution against them in state court. *Id.*, at 44-45. The doctrine is meant to ensure that federal courts are "[a]ttentive to the principles of equity, comity, and federalism . . . ." *Jackson v. Georgia*, 273 Fed.Appx. 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37).

Under *Younger*, federal courts must abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45.

In deciding whether to abstain from interfering in a pending state court action, federal courts consider three factors: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Here, all three prongs are easily met.

First, the underlying state court criminal proceedings clearly constitute an ongoing judicial proceeding given that the case is still pending in the Wayne County Third Circuit Court. Second, the Sixth Circuit has expressly recognized that criminal proceedings implicate an important state interest. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). Last, Tobias has an adequate opportunity to raise her constitutional challenges within the state court case where she is a criminal defendant. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). With all three prongs met, application of the *Younger* doctrine is warranted, and the Court should deny Tobias' motion for declaratory judgment (Doc. #23), grant the pending motions to dismiss (Docs. #15, #17), and dismiss her instant complaint.

### IV. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the pending motions to dismiss **(Docs. #15, #17)** be **GRANTED**, Tobias' motion for declaratory judgment **(Doc. #23)** be **DENIED**, and that Tobias' complaint be **DISMISSED**.

Dated: January 16, 2018          s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2018.

                                                                       s/Eddrey O. Butts
                                                                       EDDREY O. BUTTS
                                                                       Case Manager