UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANESHA TASHAE TOBIAS,

        Plaintiff,                                    Case Number 17-13759

v.                                                  Honorable David M. Lawson

                                                          Magistrate Judge David R. Grand

STATE OF MICHIGAN, WESTLAND
POLICE DEPARTMENT, AMANDA LEIGH
CLOONAN, SANDRA A. CIRCIRELLI [*sic*],
and DANA MARGARET HATHAWAY,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING MOTIONS TO DISMISS,
AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff Kanesha Tashae Tobias filed a *pro se* complaint for damages against the judges and prosecutors involved in a pending prosecution against her in a Michigan court for carrying a concealed weapon. In addition to damages, Tobias seeks an order declaring unconstitutional the statute under which she is charged. The Court referred this case to Magistrate Judge David R. Grand for pretrial management. Thereafter, the defendants filed motions to dismiss the complaint. The plaintiff also filed a motion for a declaratory judgment. Judge Grand filed a report on January 16, 2018 recommending that the motions to dismiss be granted and the motion for declaratory judgment be denied. He further recommended that the Court dismiss the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). The plaintiff filed timely objections, and the matter is now before the Court.

I.

On October 10, 2017, paramedics discovered plaintiff Kanesha Tashae Tobias, distraught and crying, outside a Westland, Michigan Lowe's store. As paramedic Matt Dicosola began to help her into an ambulance, he noticed a handgun in Tobias's purse and called the Westland Police. Tobias told the responding Westland Police Department officers that the gun belonged to her boyfriend and that he had given it to her for protection. The officers discovered that Tobias did not possess a permit to carry a concealed firearm and placed her under arrest.

On October 12, 2017, Tobias was arraigned before state district judge Sandra A. Cicirelli, in Michigan's Eighteenth Judicial District Court. On October 26, Judge Cicirelli conducted Tobias's preliminary examination and bound the case over for trial in the Wayne County, Michigan circuit court. On November 9, the Honorable Dana M. Hathaway presided over Tobias's arraignment, appointed an attorney to represent her, and scheduled a competency hearing for February 15, 2018. Tobias was charged with violating Michigan Compiled Laws § 750.227, a state statute prohibiting the concealed carry of firearms without a proper permit.

On November 17, 2017, a week after her arraignment before Judge Hathaway, Tobias filed the present lawsuit *pro se* against the State of Michigan, the Westland Police Department, Amanda Cloonan (the Wayne County prosecutor for Tobias's case), Judge Hathaway, and Judge Cicirelli. Tobias alleges section 750.227 is unconstitutional, that the Westland Police Department "put [Tobias] in jail for exercising [her] 2nd amendment rights," and that Cloonan "authorized the action against [Tobias] in state court." Tobias also alleges misconduct on the parts of Judges Hathaway and Cicirelli, arguing, among other things, that both denied her the right to a fair hearing and improperly allowed the case against her to continue. Tobias asks this Court to enter a "declaratory

Judgement . . . that MCL 750.227 is wholly unconstitutional as an infringement on my 2nd amendment rights." Tobias further asks that she "be relieved from all pending actions in any courts concerning this matter," and that a judgment of $780,000 be entered against the defendants. *Ibid.*

On December 6, 2017, Judge Cicirelli and the Westland Police Department answered the plaintiff's complaint, asserting that there is no factual or legal merit to the plaintiff's claims. The next day, defendant Cloonan filed a motion to dismiss the complaint or for summary judgment. The State of Michigan subsequently filed a motion to dismiss. On December 19, 2017, the plaintiff filed a "demand for declaratory judgment" on the constitutionality of Michigan Compiled Laws § 750.227.

On January 16, 2018, Judge Grand issued a report recommending that the Court grant the defendants' motions to dismiss, deny the plaintiff's demand for declaratory judgment, and dismiss the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). The plaintiff thereafter filed motions to stay the state court proceedings and "amend the docket," which have not been addressed by the magistrate judge. The plaintiff also filed several responses to the magistrate judge's report and recommendation.

II.

In concluding that the case should be dismissed, the magistrate judge first found that the doctrine of judicial immunity precludes the plaintiff's claims for damages against Judges Cicirelli and Hathaway. He also noted that the plaintiff's allegation that Judge Hathaway "stole her property" is too vague to satisfy the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The magistrate judge found that the plaintiff's allegations against the Westland Police Department should be dismissed as a matter of law because as a municipal entity, the Department cannot be held

liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. Noting that the claims for damages against Cloonan and the State of Michigan are lumped together in a single sentence in the complaint, the magistrate judge concluded that Cloonan enjoys absolute immunity for her prosecutorial conduct and that the Eleventh Amendment forecloses monetary relief from the State of Michigan. The magistrate judge concluded that the Court should deny the plaintiff's motion for a declaratory judgment on the constitutionality of the criminal statute because, in seeking a ruling on the validity of current criminal charges pending against her, her claim is precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1984). The magistrate judge additionally explained that dismissal also is appropriate under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 44 (1971), because federal courts are directed to abstain from interfering in ongoing state court proceedings absent exceptional circumstances.

Tobias filed three sets of objections. They appear to be identical in substance and differ only in format.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950,

enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation and the plaintiff's several objections, and has made a *de novo* review of the record in light of the parties' submissions.

The plaintiff has responded to each section of the magistrate's report and recommendation; in some but not all of these sections, she enumerated specific objections to the report. Tobias's objections generally allege that the defendants have conspired to deprive her of her constitutional rights. She suggested several times that she believes the defendants have targeted her due to her race, gender, religion, or national origin — although race is the most frequently invoked. Tobias first raises objections to Judge Grand's analysis of claims against each defendant, although claims and arguments are commingled and repeated between subsections. The Court will address the objections categorically.

### A. State of Michigan

Tobias argues that Michigan Compiled Laws § 750.227 is unconstitutional on its face, and that the Supremacy Clause of the United States Constitution invalidates state laws that do not comport with the Constitution. She believes that section 750.227 is one such law. She also argues that the State failed to transfer her case to federal court due to her race, religion, gender, or national origin.

The magistrate judge suggested that the Court should not consider this claim for two reasons: Because considering the case while a state prosecution is pending, and therefore a decision might call into question the validity of an ensuing conviction, the claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Second, the magistrate judge suggested that the Court ought to abstain from addressing this claim under the *Younger v. Harris* abstention doctrine.

The plaintiff argues that *Heck* is completely irrelevant and that her First Amendment right to petition the government for grievances is superior to the *Heck* doctrine. The plaintiff also argues that *Younger* abstention is not warranted here and that justice requires interference. Neither of these objections has merit. But there is a flaw in the magistrate judge's application of *Heck* to this case.

In *Heck*, the Supreme Court held that "to recover damages under § 1983 for an allegedly unconstitutional conviction, 'or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus." *Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) (quoting *Heck*, 512 U.S. at 486-87)). As noted by the magistrate judge, in *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), the Sixth Circuit extended *Heck* to apply to pre-conviction lawsuits attacking state prosecutions. Relying on *Shamaeizadeh*, the magistrate judge concluded that the plaintiff's claims are barred because a judgment in her favor would necessarily call into question any future criminal conviction or sentence that may result from her pending prosecution. However, *Shamaeizadeh* no longer is good law. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 639 (6th Cir. 2007) ("In *Wallace* [*v. Kato*, 549 U.S. 384 (2007)], the [C]ourt specifically held that *Heck* is not to be extended into the pre-conviction arena . . . In *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir.2007),

the Sixth Circuit explicitly recognized that *Wallace* 'abrogates the holding in *Shamaeizadeh*.'"). Because the plaintiff's charges apparently still are pending, *Heck* is no bar to the present case.

Nevertheless, the plaintiff's requests for declaratory and equitable relief must be denied because *Younger* abstention counsels in favor of dismissal. "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). "To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54)).

All three prongs easily are satisfied in this case. First, the plaintiff's criminal prosecution was pending in the Wayne County, Michigan circuit court at the time she filed her civil case. *See Federal Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) ("Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied."). Second, a proceeding concerning the enforcement of a concealed carry law unquestionably implicates important state interests. *See Younger*, 401 U.S. at 50. And third, the plaintiff has not identified any barrier to her ability to raise constitutional challenges in her state court proceeding. *See Pennzoil Co. v. Texaco,* Inc., 481 U.S. 1, 16 (1987)

("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995) ("[T]he Ohio courts have given us no reason to question their ability or willingness to address Kelm's constitutional questions."). Moreover, the plaintiff's allegations of bad faith and harassment are unsubstantiated. Abstention therefore is appropriate.

Additionally, Tobais's case against the State for money damages is barred by the Eleventh Amendment. Under that Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). There are only three exceptions to Eleventh Amendment immunity: (1) when the state has waived its immunity by consenting to the lawsuit; (2) when Congress has abrogated the state's sovereign immunity; and (3) when the plaintiff seeks only prospective injunctive relief against a state official from violating federal law. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing cases). It is well-settled that "Michigan has not consented to the filing of civil rights suits against it in federal court," *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and section 1983 does not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The third exception, as set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, 'regardless of whether compliance might have an ancillary effect on the state treasury.'" *Boler*, 865 F.3d at 412 (quoting *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). However, "[i]njunctive relief is available under the *Young* exception only against state

officers — not the state itself — who violate federal law." *Lawson v. Shelby Cty., TN*, 211 F.3d 331 (6th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

None of the exceptions apply here, and the plaintiff's reasoning that the State waived its immunity when it allegedly violated the plaintiff's rights is unsound. The plaintiff's objections challenging this aspect of the recommendation and report will be overruled, the State's motion to dismiss will be granted, and the plaintiff's motion for declaratory relief will be denied.

B. Westland Police Department

Tobias objects to the dismissal of the Westland Police Department because she says that it violated her constitutional rights to bear arms. In response to the magistrate judge's recommendation that no municipal liability attaches based on the facts alleged, the plaintiff asserts that the Westland Police Department "apparently has a practice and custom to arrest black people for our constitutional rights that shall not be infringed." Tobias also accuses the Department of "coercing [her] into getting legal representation" and withholding local policies from the public.

None of those allegations, however, are backed up by any facts, either in the complaint or in the objections themselves. To survive the motion, the plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

The magistrate judge found that the plaintiff's claims against the Westland Police Department fail as a matter of law because the plaintiff has not pleaded sufficient facts to establish municipal liability. "Municipalities are considered 'persons' within the meaning of section 1983,"

*Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466, 484 (E.D. Mich. 2007), and they therefore can be subjected to liability under section 1983. But municipal entities "are responsible only for their own illegal acts," and a municipality is "not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations and quotation marks omitted). "Instead, a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was the 'moving force' behind the injury alleged." *Shehee v. Saginaw Cty.*, 86 F. Supp. 3d 704, 711 (E.D. Mich. 2015) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)). In other words, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff asserting a section 1983 claim against a municipal entity must show that the action alleged to be unconstitutional implements a municipal policy or custom. *Id.* at 690-91.

The complaint alleges that the Westland Police Department arrested the plaintiff, treated her like a criminal, detained her for exercising her Second Amendment rights, and coerced her into obtaining legal representation. As noted by the magistrate judge, the plaintiff failed to identify a municipal policy or custom governing those allegedly unconstitutional acts, and her objection does not cure that deficiency. The plaintiff argues that the Westland Police Department withholds its local policies from the public and that the Department has a policy and custom of discriminating against black people. Even construing the plaintiff's complaint liberally, the plaintiff's allegations are conclusory and do not "state claim[s] to relief that [are] plausible on [their] face." *Twombly*, 550 U.S. at 544, 556. The plaintiff's objections to the dismissal of the Westland Police Department will be overruled.

C. Assistant Prosecutor Cloonan

Tobias argues that Cloonan, a county prosecutor, "authorized the action against [Tobias]," which was "a malicious attempt on [Tobias's] constitutional rights." Citing *Shuttlesworth v. Birmingham AL,* 373 U.S 262 (1962), Tobias argues that "if the state does convert a secured right into a privilege and issue a license and a fee for it, the citizen can ignore the license and a fee and engage the right with impunity." Tobias suggests that Wayne County prosecutors, judges, and police officers may be conspiring to deprive black people of their constitutional right to bear arms. Tobias alleges that the defendants "have not proven" that an indictment by a grand jury has been handed down in her case.

None of these objections addresses the magistrate judge's determination that defendant Cloonan is protected by absolute immunity. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has explained that courts should employ a "functional approach" when evaluating a prosecutor's conduct in light of an immunity defense. *Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011). "Absolutely protected acts of advocacy include those undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Ibid.*

Tobias for the most part does not respond directly to the magistrate judge's finding, with the exception of asking "[a]re government officers absolutely immune by state court decisions, when

-11-

they use criminal prosecutions to violate constitutional rights?" She instead concentrates much of her objection on Cloonan's apparent lack of authority to pursue charges against her, citing *Shuttlesworth v. City of Birmingham, Ala.*, 373 U.S. 262 (1963). The plaintiff's reliance on *Shuttlesworth* is misplaced, however, as that decision stands for the inapplicable proposition that "there can be no conviction for aiding and abetting someone to do an innocent act." 373 U.S. at 265.

The complaint's sole allegation that "Amanda Leigh Cloonan on behalf of the State of Michigan, authorized the action against [the plaintiff] in state court" implicates a core prosecutorial function entitled to immunity. *Imbler*, 424 U.S. at 430. The plaintiff's objection lacks merit and defendant Cloonan's motion to dismiss will be granted.

D. Judge Cicirelli

Tobias alleges that the District Judge Cicirelli denied her a fair hearing and refused to dismiss what Tobias views as a frivolous case. Tobias argues that 42 U.S.C. § 1985, which Tobias construes as preventing "two or more holding a state office [from conspiring] to interfere with civil rights," applies as Judge Cicirelli and the other defendants conspired to deprive her of her right to bear arms. Tobias also cites 18 U.S.C. §§ 241, 242, which she argues Judge Cicirelli and the other defendants have violated by conspiring to deprive Tobias of her rights under color of law, and also accuses Judge Cicirelli of treason under 18 U.S.C. § 2381. Tobias argues that, under *Scheuer v. Rhodes*, 416 U.S. 232 (1974), state officers who "act in a manner violative of the Federal Constitution" can be sued individually. Tobias also argues that a judge violating the Constitution "loses subject-matter jurisdiction," and their orders become void. Tobias argues that the state court over which Judge Cicirelli presided lacked jurisdiction to hear her case, which Tobias alleges she brought to Judge Cicirelli's attention on three separate occasions. Tobias alleges that Judge Cicirelli

refused to hear her motions, and speculates that this refusal may be predicated on Tobias's race, religion, gender, or national origin.

The baseless claims against Judge Cicirelli aside, Tobias's objections do not include a suggestion that the judge committed any act outside her capacity as a sitting judge. It is well-established that "[j]udges receive [absolute] immunity for their 'judicial acts,' unless performed 'in the clear absence of all jurisdiction.'" *Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In determining whether judicial immunity attaches, a court must consider (i) "whether the act in question is a function that is normally performed by a judge, and (ii) "whether the parties dealt with the judge in his or her judicial capacity." *Brookings v. Clunk*, 389 F.3d 614, 617-18 (6th Cir. 2004) (internal marks omitted). Moreover, "[a]cts done 'in the clear absence of all jurisdiction' for which no immunity is afforded, should be distinguished from those actions in 'excess of jurisdiction' which fall within the ambit of immunity protection." *Id.* at 623 (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). "[A] judge acts in the clear absence of all jurisdiction 'only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.'" *Id.* at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

The plaintiff mistakenly relies on *Scheuer v. Rhodes*, 416 U.S. 232 (1974), to resist the finding that Judge Cicirelli is absolutely immune from suit. In that case, the Supreme Court held that when executive officers of a state act under color of state law in a manner that violates the Constitution, qualified immunity exists. However, *Scheuer* did not establish the broad proposition on which the plaintiff asserts: that all state officials are stripped of jurisdiction and immunity when they violate the federal Constitution. In noting that "the Eleventh Amendment provides no shield

for a state official confronted by a claim that he had deprived another of a federal right under the color of state law," *Scheuer*, 416 U.S. at 237 (citing *Ex Parte Young*, 209 U.S. 123 (1908)), the Supreme Court explained that *executive officials* do not enjoy the same absolute immunity afforded to legislators or judicial officers. Indeed, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the Court noted that when Congress enacted section 1983, it did not "abolish the common-law, [absolute] 'immunity of judges for acts within the judicial role.'" *Id.* at 244. *Scheuer* does not help the plaintiff.

The magistrate judge correctly concluded that the allegedly improper actions taken by Judge Cicirelli — presiding over the plaintiff's case, "denying" her rights, and dismissing her motions to dismiss — plainly fall within the scope of judicial immunity. The plaintiff's objection is without merit and the complaint against Judge Cicirelli will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### E. Judge Hathaway

Tobias alleges that the Honorable Dana M. Hathaway deprived her of the right to a fair hearing. Tobias argues that Judge Hathaway appointed an attorney to represent her who had previously been reprimanded a month prior by the State of Michigan's Attorney Discipline Board for engaging in "discourteous conduct" toward a court officer because of that person's race and gender, and includes a copy of her alleged attorney's Notice of Reprimand. Tobias also alleges that Judge Hathaway mocked her and ordered staff to seize a digital recorder she had brought to court. It is that seizure, apparently, that forms the basis of the allegation that Judge Hathaway stole the plaintiff's property.

Tobias objects to the magistrate judge's use of the two-part test articulated by *Stump v. Sparkman* to determine when absolute judicial immunity applies. Tobias argues that the act in

-14-

question performed by Judge Hathaway was not "normally performed by a judge," as it is not within the normal duties of a judge to engage in discrimination. Tobias also repeats the argument she advanced with respect to Judge Cicirelli, namely that the state courts do not have jurisdiction or authority over her as they are operating in a manner that violates her constitutional rights.

The plaintiff similarly objects that Judge Hathaway is not entitled to judicial immunity, this time invoking the "repugnancy test" apparently set forth in *Marbury v. Madison*, 5 U.S. 137 (1803). The complaint alleges that Judge Hathaway (i) denied the plaintiff's right to a fair hearing, (ii) conspired to have an unlicensed attorney represent her, (iii) discredited the plaintiff's defense by ordering a psychiatric exam, (iv) denied her right to equal protection of the law, (v) denied her due process, and (vi) stole the plaintiff's property. The plaintiff argues that these allegedly discriminatory actions were repugnant to the Constitution and do not qualify as those "normally performed" by a judge. However, at least five of these complained of actions occurred during a legal proceeding over which Judge Hathaway presided in her capacity as a judge, squarely falling "within the ambit of immunity protection." *Brookings*, 389 F.3d at 623.

The alleged property theft is protected by immunity, because it occurred when the judge ordered the plaintiff's digital recorder confiscated during a court proceeding. In furnishing this additional detail, the plaintiff establishes that all of Judge Hathaway's complained of actions are absolutely immune. Maintaining order in her courtroom during a legal proceeding unquestionably falls within Judge Hathaway's judicial function. *See Barnes*, 105 F.3d at 1116.

Judges Hathaway and Cicirelli and the City of Westland did not file a motion to dismiss. But the magistrate judge recommended dismissal under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court has an obligation to screen a case for merit and dismiss the case if it "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Tobias says that section 1915(e)(2)(B) should not apply here because her complaint is not frivolous. But saying so does not make it so, and the plaintiff has not responded to the magistrate judge's frivolousness determination with any persuasive argument to the contrary. Moreover, she has not shown that her case is brought against defendants who are not immune from suit.

III.

The magistrate judge properly concluded that the complaint should be dismissed for failure to state viable claims, and that the request for declaratory relief should be denied. The defendants' respective motions to dismiss will be granted. The complaint will be dismissed with prejudice, except the plaintiff's request for a declaration of unconstitutionality of the statute under which she is being prosecuted, which will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #49, 50, 51] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt. #40] is **ADOPTED**.

It is further **ORDERED** that defendants' motions to dismiss the complaint [dkt. #15, 17] are **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for a declaratory judgment [dkt. #23] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**, except for the request for declaratory relief, which is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion to amend the docket to file additional papers [dkt. #48] is **GRANTED IN PART** and the papers submitted are accepted for filing. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the plaintiff's motion to stay state court proceedings [dkt. #42] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 17, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI